FILED
CLERK, U.S. DISTRICT COURT
12/11/2024
CENTRAL DISTRICT OF CALIFORNIA
BY: ___E.C.___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

March 2024 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>JOHN TAMAHERE MCCABE,<br><br>　　　　Defendant. | No. **8:24-cr-00143-FWS**<br><br>I N D I C T M E N T<br><br>[18 U.S.C. § 1343: Wire Fraud;<br>18 U.S.C. § 982: Criminal Forfeiture] |

The Grand Jury charges:

[18 U.S.C. § 1343]

A.　INTRODUCTORY ALLEGATIONS

At all times relevant to this Indictment:

1.　Defendant JOHN TAMAHERE MCCABE was a resident of Maui, Hawaii, who spent substantial time in Orange County, California.

2.　Victim J.L. was 78 years old and a resident of Irvine, California. Victim J.L. had recently lost his wife and had no family support.

3.　Victim J.L. owned a condominium in Irvine, California worth approximately $1 million (the "Irvine Residence") and a

2017 44-foot Tiara yacht (the "Yacht") docked in Newport Beach, California, which was purchased for over $1 million.

B.   THE SCHEME TO DEFRAUD

4.   Beginning in or around July 2017, and continuing to in or around January 2024, in Orange County, within the Central District of California, and elsewhere, defendant MCCABE, knowingly and with the intent to defraud, devised and executed a scheme to defraud and obtain money and property from Victim J.L. by means of materially false and fraudulent pretenses, representations, and promises, and the concealment of material facts.

5.   In carrying out the scheme, defendant MCCABE engaged in the following fraudulent and deceptive acts, practices, and devices, and made the following material omissions, among others:

   a.   Under the guise of assisting Victim J.L., defendant MCCABE offered to broker the sale of the Yacht. MCCABE promised to transfer the proceeds of the sale to Victim J.L.

   b.   Unbeknownst to Victim J.L., defendant MCCABE fabricated documents to change the ownership of the Yacht from Victim J.L. to defendant MCCABE.  Once the Yacht was ostensibly in defendant MCCABE's name, defendant MCCABE sold the Yacht. Without Victim J.L.'s knowledge or consent, defendant MCCABE diverted almost all of the proceeds to his own personal bank account and used the majority of the proceeds for his own personal purposes.

      c.   Purporting to act in the best interest of Victim J.L., defendant MCCABE convinced Victim J.L. to transfer the Irvine Residence into a Limited Liability Company (the "LLC"), claiming that it would protect Victim J.L.'s most valuable asset and provide tax benefits.  In coordinating the paperwork for the transfer, defendant MCCABE promised that Victim J.L. would be the sole member and manager of the LLC and the transfer would only change the manner in which the title was held.

      d.   Unbeknownst to Victim J.L. and without Victim J.L.'s consent, defendant MCCABE made himself the sole member and manager of the LLC.  Once he controlled the LLC, defendant MCCABE, without Victim J.L.'s knowledge or consent, caused $1 million in loans to be taken out and secured by the Irvine Residence, draining all of its equity.

      e.   Instead of providing the loan proceeds to Victim J.L., defendant MCCABE used the majority of the loan proceeds for his own personal purposes.  Once the loan proceeds were spent, defendant MCCABE defaulted on the loans and the Irvine Property was sold at a foreclosure sale, leaving Victim J.L. homeless.

6.   Through this scheme, defendant MCCABE stole approximately $2 million from Victim J.L.

C.   <u>THE USE OF INTERSTATE WIRES</u>

7.   On or about the dates set forth below, within the Central District of California, and elsewhere, for the purpose of executing the above-described scheme to defraud, defendant

/ / /

/ / /

MCCABE caused the transmission of the following by means of wire communication in interstate commerce:

| COUNT | DATE | ITEM WIRED |
|---|---|---|
| ONE | 10/15/2020 | $100,000 from S.F.'s and B.F.'s First Republic Bank account (ending in 0557) in Newport Beach, California, to defendant MCCABE's Bank of America account (ending in 9075) in Paia, Hawaii, which was processed through the Federal Reserve facilities in New Jersey and Texas, for the purchase of the Yacht |
| TWO | 11/3/2020 | $291,500 from S.F.'s and B.F.'s First Republic Bank account (ending in 0557) in Newport Beach, California to defendant MCCABE's Bank of America account (ending in 9075) in Paia, Hawaii, which was processed through the Federal Reserve facilities in New Jersey and Texas, for the purchase of the Yacht |
| THREE | 3/4/2021 | $60,000 from S.F.'s and B.F.'s First Republic Bank account (ending in 0557) in Newport Beach, California to defendant MCCABE's Bank of America account (ending in 9075) in Paia, Hawaii, which was processed through the Federal Reserve facilities in New Jersey and Texas, for the purchase of the Yacht |
| FOUR | 6/3/2021 | $500,000 from RFF Family Partnership LLP's Banc of California account (ending in 9798) in Santa Monica, California to defendant MCCABE's Bank of America account (ending in 9075) in Paia, Hawaii, which was processed through the Federal Reserve facilities in New Jersey and Texas, to fund a loan secured by the Irvine Residence |
| FIVE | 8/18/2021 | $50,000 from S.F.'s and B.F.'s First Republic Bank account (ending in 0557) in Newport Beach, California to defendant MCCABE's Bank of America account (ending in 9075) in Paia, Hawaii, which was processed through the Federal Reserve facilities in New Jersey and Texas, for the purchase of the Yacht |

| COUNT | DATE | ITEM WIRED |
|---|---|---|
| SIX | 8/24/2021 | $464,184.45 from Ticor Title's US Bank account (ending in 2676) in Portland, Oregon, to 128 Tribeca LLC's Wells Fargo Bank account (ending in 8664 )in San Juan Capistrano, California, which was processed through the Federal Reserve facilities in New Jersey and Texas, to fund a loan secured by the Irvine Residence |

|    |                                                                                   |
|----|-----------------------------------------------------------------------------------|
| 1  | FORFEITURE ALLEGATION                                                             |
| 2  | [18 U.S.C. § 982]                                                                 |

1.   Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 982(a)(2), in the event of the defendant's conviction of the offenses set forth in Counts One through Count Six of this Indictment.

2.   The defendant, if so convicted, shall forfeit to the United States of America the following: (a) All right, title and interest in any and all property, real or personal, constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense; and (b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.   Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), the defendant, if so convicted, shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished

in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/s/
_____
Foreperson

E. MARTIN ESTRADA
United States Attorney

*Lindsey Greer Dotson*

LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division

ANNE C. GANNON
Assistant United States Attorney
Chief, Orange County Office

JENNIFER L. WAIER
Assistant United States Attorney
Deputy Chief, Orange County Office

3